## IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No 13-203-02(RJL) |
| | * | |
| IRA ADONA | * | |
| | * | |
| | **** | |

### DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

Pursuant to 18 U.S.C. § 3553(a) and Rule 32 of the Federal Rules of Criminal Procedure, the Defendant, Ira Adona ("Mr. Adona" or "the Defendant"), by and through counsel, submits the following Position With Respect to Sentencing Factors.

On November 5, 2014, Mr. Adona pleaded guilty before this Court to a single count of Conspiracy to Possess and Distribute a Mixture Containing a Mixture of Phencyclidine(PCP), in violation of 21 U.S.C§ §841(a)(1) and (b)(1)(C). He has no factual objections to the Presentence Report ("PSR"). The Probation Officer's calculation of the Total Offense Level of 25, Criminal History Category III, results in an advisory Guidelines sentencing range of 70-87 months. This advisory guideline range is different than the one proposed by the government and agreed to by counsel in the plea agreement. Obviously this is an issue that needs to be resolved by the Court. Mr. Adona submits that a sentence within the advisory guidelines recommended by the probation officer is reasonable.

Mr. Adona respectfully submits that a sentence within the guidelines is "sufficient, but not greater than necessary" to comply with the factors set out in 18 U.S.C. § 3553(a). United States v. Booker, 125 S. Ct. 738, 766-67 (2005). Under all the

circumstances, a sentence within the Guidelines would provide just punishment, adequate deterrence, protect the public and provide rehabilitation.

## SENTENCING AFTER BOOKER

On January 12, when the Supreme Court handed down United States v. Booker, 125 S.Ct. 738 (2005), the federal Sentencing Guidelines ceased to be mandatory, becoming one of several factors to be considered under 18 U.S.C. § 3553(a); see United States v. Hughes, 396 F.3d 374, 378-79 (4th Cir. 2005) ("[A] district court shall first calculate . . . the range prescribed by the guidelines.  Then the court shall consider that range as well as other relevant factors set forth in § 3553(a) before imposing the sentence.").  Under § 3553(a), courts must consider: (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the Guideline range; (d) the need to avoid unwanted sentencing disparities; (e) the need for restitution; (f) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence, to protect the public from future crimes, and to provide the defendant with reasonable rehabilitative opportunities

 Mr. Adona accepted responsibility for his actions as soon as he was able to do so. His involvement in this case was properly outlined in the Presentence Report and during the numerous status hearings that have been held in this case. There was no evidence that Mr. Adona was involved in the violence against Mr. Louis Clifton or that he ever killed anyone. Most of the crimes that were committed by Mr. Adona were committed when Mr. Adona was 21-22 years old.

Mr. Adona entered into a plea agreement with the government. The plea

agreement states that the sentence will be determined by the Court The parties agreed that the guidelines stipulated in the agreement "may apply." The agreement further provided that the estimated guideline range would not be binding on the Court or the probation office. The agreement provides that the Court is free to determine that a different guideline range is applicable.

Under Section 3553(a) the court must consider the nature and circumstances of the case. This Court has heard the evidence at the trial of the co-defendants and is familiar with the nature and circumstances of the case. The Court can decide what evidence presented that allegedly implicated Mr. Adona should be credited. A third party, the probation officer in this case reviewed all of the co-defendant's cases and prepared all of the Presentence Investigation Reports. In Mr. Adona's case, she did not apply the two level enhancement for use of the premises, USSG Section2D1.1(b)(2) and for use of children, USSG Section3B1.4. This is a factor that should be considered by the Court in determining the appropriate sentence. The plea agreement allows the defendant to seek a sentence below the estimated guideline range based upon factors to be considered pursuant to 18 U.S.C. Section 3553(a).

Mr. Adona comes from a good family. His mother and father have been gainfully employed and have had no contact with the criminal justice system. Mr. Adona began to have problems  when his parents separated and while he was estranged from his father for almost 14 years. His mother did the best she could as the primary caretaker of her children but she was forced to live in the vicinity of Savannah Terrace in SE, Washington, DC. This neighborhood is well known for incidents of violence and other illegal activities. As a young man with limited supervision, Mr. Adona started

hanging out with the wrong crowd. He didn't listen to his mother and began to get into trouble. When he was a teenager he played football and went to school. His mother described her son as a "caring" person. Despite everything, she is willing to have him return home when he is released from prison. Counsel can represent to the Court that Mr. Adona is a smart young man who would have been in a much different position now had he taken a different path in life. He has been shot, stabbed and a bullet remains lodged in his liver. He has experimented with drugs since he was 12 years old. These facts are not an excuse for his behavior. The arrest in this case probably saved his life and he is determined to take advantage of whatever the Bureau of Prisons has to offer.

Finally, Mr. Adona received a sentence of 28 months for the Assault with a Dangerous Weapon in Case No. 2013-CF3-3966 in the Superior Court. He also received a 2 point enhancement in the advisory guidelines for this conduct. Mr. Adona requests that the Court consider this circumstance when determining the sentence. At the time the plea agreement was negotiated, the base offense level for the drugs was 26. It is now a base offense level of 24

His family will be in Court at sentencing to show their continued support and Mr. Adona will address the Court prior to sentencing.

Respectfully submitted,


_____/s/_____
Thomas Abbenante #227934
1919 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006
202-223-6539
tabbenante@aol.com